# Authority of Executive Office of the President to Require Independent Agencies to Conduct Background Checks of Noncareer SES Candidates

No office or agency within the Executive Office of the President may require independent agencies to conduct certain background checks of candidates for noncareer Senior Executive Service positions.

April 30, 1998

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether the Office of Presidential Personnel ("Presidential Personnel") may require that so-called independent agencies ensure that candidates for noncareer Senior Executive Service ("SES") positions undergo certain reviews regarding their personal backgrounds, such as a review of Internal Revenue Service records about any tax delinquency. In particular, you have asked whether Presidential Personnel could prescribe such a rule for hiring noncareer SES personnel at the Merit Systems Protection Board. As we already have advised orally, we do not believe that any office or agency within the Executive Office of the President ("EOP"), including Presidential Personnel, may exercise that authority.[1]

Involvement by the EOP in particular hiring decisions for SES positions at independent agencies is specifically limited by 5 U.S.C. § 3392(d):

> Appointment or removal of a person to or from any Senior Executive Service position in an independent regulatory commission shall not be subject, directly or indirectly, to review or approval by any officer or entity within the Executive Office of the President.

5 U.S.C. § 3392(d) (1994). The Report of the Senate Committee on Governmental Affairs expressly noted that subsection (d) was added "in order to ensure that independent regulatory agencies are not subject to political control in the appointment of their top noncareer executives," and that "this insulation from the White House in appointments is necessary to maintain the independence of these agencies, as intended by the Congress." S. Rep. No. 95–969, at 76 (1978). Section 3392(d) thus specifically prohibits the EOP from reviewing any particular hiring decision for noncareer SES positions at independent agencies.

---

[1] Far more complicated questions would be presented if the President himself, using his constitutional authority as head of the executive branch, U S Const art. II, § 1, and his statutory authority over the civil service, see, e g , 5 U S.C §§ 3301, 7301, directed independent agencies to follow the procedures in question You have not asked us to address these questions at this time If you wish us to do so, we would be happy to undertake that analysis.

A related provision governing appointment of personnel at the Merit Systems Protection Board contains parallel limitations on EOP review of appointment decisions. Section 1204 of title 5, which authorizes the Chairman of the Board to appoint personnel "as may be necessary to perform the functions of the Board," provides:

> Any appointment made under this subsection shall comply with the provisions of this title, except that such appointment shall not be subject to the approval or supervision of the Office of Personnel Management or the Executive Office of the President (other than approval required under section 3324 or subchapter VIII of chapter 33).

5 U.S.C. § 1204(j) (1994). The approval required by § 3324, referred to in parentheses, pertains to the appointment to a position "classified above GS–15," which (with certain exceptions) "may be made only on approval of the qualifications of the proposed appointee by the Office of Personnel Management." 5 U.S.C. § 3324(a) (1994). Subchapter VIII of chapter 33, in turn, refers to 5 U.S.C. §§ 3391–3397, and therefore incorporates the limitations on EOP and OPM approval set forth in § 3392. As the conference report explains, § 1204(j) was intended "to prevent 'political clearance' of appointments." S. Rep. No. 95–1272, at 133 (1978). It was thought to be "inappropriate for any unit of the White House or the Office of Personnel Management to screen such candidates." *Id.*

As this statutory scheme makes clear, Presidential Personnel is specifically prohibited from directly or indirectly reviewing the appointment of any particular individual to an SES position at an independent regulatory commission. These prohibitions apply with equal force to appointment or removal decisions regarding such positions at the Merit Systems Protection Board.

These provisions, while specifically applicable only to decisions about hiring or firing particular employees, also lead to the conclusion that Presidential Personnel cannot impose a more general requirement for the procedures to be followed by independent agencies in selecting SES personnel. Presidential Personnel could enforce such a requirement only by reviewing and refusing to approve particular candidates that independent agencies wanted to hire without completing the mandated procedures. But it is precisely such review and approval that 5 U.S.C. §§ 1204(j) and 3392(d) forbid.[2]

Finally, neither 5 U.S.C. § 1204(j) nor 5 U.S.C. § 3392(d) would bar Presidential Personnel from recommending to independent agencies that they conduct the background reviews at issue here. Such recommendations, unlike requirements, would

---

[2] We assume that the relevant question here is whether Presidential Personnel can "require" the general procedures in the sense of compelling obedience to them In concluding that Presidential Personnel may not compel obedience, we do not mean to suggest that it would be unlawful to issue such a directive, but rather that the directive would be legally ineffective unless Presidential Personnel took further steps that the law would forbid

not involve review or approval of particular candidates for hiring and therefore would not be barred by those statutes.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*